UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JULIE MARIE G.,[1]

Plaintiff,

Case # 23-CV-178-FPG

v.

DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

## INTRODUCTION

Plaintiff Julie Marie G. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 26, 28. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In March 2014, Plaintiff protectively applied for SSI benefits with the Social Security Administration ("the SSA"). Tr.[2] 1011. She alleged disability since June 28, 2011, due to anxiety, depression, bipolar disorder, and borderline personality disorder. Tr. 1008. The claim was initially denied on July 17, 2014. Tr. 92. Subsequently, Plaintiff requested a hearing, and on December 22,

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 4.

2016, Administrative Law Judge Stephen Cordovani ("the ALJ"), held a hearing. Tr. 26–74. The ALJ issued a decision finding that Plaintiff was not disabled on April 28, 2017. Tr. 14–25. Plaintiff requested review by the Appeals Council, but the request was denied on February 8, 2018. Tr. 7–10. Plaintiff then appealed the ALJ's decision to this Court, which remanded the decision for further evaluation of Plaintiff's mental health conditions. Tr. 1094–1106. Following remand, the ALJ held a video hearing on September 27, 2022, Tr. 1037–78, and on October 31, 2022, the ALJ issued a decision finding that Plaintiff was not disabled, Tr. 1008–1026. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." *Id.* If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform

alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 1011. At step two, the ALJ found that Plaintiff had severe impairments of major depressive disorder, bipolar disorder, generalized anxiety disorder, panic disorder, obsessive-compulsive disorder, personality disorder, and posttraumatic stress disorder. Tr. 1011. At step three, the ALJ concluded that none of Plaintiff's impairments met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 1013.

Next, the ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels but with certain non-exertional limitations. Tr. 1016. The non-exertional limitation identified by the ALJ are that Plaintiff can (1) only understand, remember and carry out simple and routine instructions and tasks; (2) have no supervisory duties; (3) have no independent decision-making; (4) have no strict production quotas as with assembly line work; (5) have only minimal changes in work routine and processes; (6) have occasional interaction with supervisors, occasional interaction with coworkers and the general public; and (7) have no team or tandem work. Tr. 1016. At step four, the ALJ determined that Plaintiff had no past relevant work. Tr. 1025. At step five, the ALJ found that, given her age, education, work experience, and RFC, there were jobs available in the national economy that Plaintiff could perform. Tr. 1025. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 1025.

## II. Analysis

Plaintiff argues that the mental RFC is not supported by substantial evidence because the ALJ (a) cherry-picked the record to downplay Plaintiff's severe mental health impairments; (b) improperly faulted Plaintiff for non-compliance with treatment without considering the impact of Plaintiff's mental health on her ability to seek and attend treatment; and (c) hyper-focused on Plaintiff's activities of daily living to downplay her mental health impairments. ECF No. 26-1 at 18. For the reasons discussed below, the Court concludes that remand is not warranted on these grounds.

### a. Cherry-Picking Argument

Plaintiff first argues that the ALJ's mental RFC is not supported by substantial evidence because the ALJ cherry-picked the record by focusing on mischaracterized evidence and ignoring that the evidence on balance supports Plaintiff's subjective complaints related to her mental health impairments. *Id.* at 18, 20–21. Specifically, Plaintiff takes issue with the ALJ's conclusion that Plaintiff's subjective complaints overstated the intensity, persistence, and limiting effects of her mental health symptoms, arguing that the ALJ's conclusion that the statements were only "partially consistent" with the record as a whole was improperly based on Plaintiff's testimony related to her activities of daily living. *Id.* at 19–20 (quoting Tr. 1018).

Cherry-picking can be defined as "inappropriately crediting evidence that supports administrative conclusions while disregarding differing evidence from the same source." *Artinian v. Berryhill*, No. 16-CV-4404, 2018 WL 401186, at *8 (E.D.N.Y. Jan. 12, 2018). Cherry-picking can "indicate a serious misreading of evidence, failure to comply with the requirement that all evidence be taken into account, or both." *Id.* (quoting *Younes v. Colvin*, No. 14-CV-170, 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015)). Nevertheless, the mere fact that Plaintiff can identify other evidence to support a different conclusion does not entitle her to relief. *Emery S. v. Comm'r*

*of Soc. Sec.*, No. 20-CV-662, 2021 WL 2592363, at *4 (W.D.N.Y. June 24, 2021). If an ALJ's findings are reasonably supported by the record, they "must be given conclusive effect" even if "the administrative record may also adequately support contrary findings on particular issues." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

Here, the ALJ's findings are reasonably supported by the record. *See Emery S.*, 2021 WL 2592363, at *4. In the ALJ's decision, he explained that he found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her mental health symptoms only "partially consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 1017–18. While the ALJ does explain that he, in part, relied on Plaintiff's testimony related to her activities of daily living to support his conclusion that Plaintiff's subjective complaints overstated the intensity, persistence, and limiting effects of her mental health symptoms, the ALJ also cites extensively to other parts of the record to support this conclusion. *See* Tr. 1016–24. For instance, he explains that (1) consultative examiner Dr. Santarpia's opinion found that Plaintiff had "coherent and goal directed thought processes, full orientation, clear sensorium, fluent speech, adequate expressive and receptive language skills, euthymic mood and full range of affect," Tr. 1019; (2) an Erie County Medical Center note disclosed that Plaintiff "underwent a detailed mental status examination" showing that "she had a mental status examination essentially within normal limits," Tr. 1020; and (3) a Horizon Health mental status examination "disclosed the claimant had an anxious mood and affect; however, all other findings were within normal limits such as having good eye contact, cooperative attitude, normal motor activity, normal speech, full orientation, appropriate thought content, logical thought processes, full orientation and no hallucinations," Tr. 1021. Based on this evidence, as well as more evidence that the Court need not summarize here, the ALJ concluded that Plaintiff's statements concerning

the intensity, persistence, and limiting effects of her symptoms were only partially consistent with the record. *See* Tr. 1018.

As such, the Court concludes that there is no merit to Plaintiff's argument that the ALJ mischaracterized and ignored evidence. Instead, the ALJ acknowledged and resolved conflicts in the record to arrive at reasonable factual conclusions. Indeed, although Plaintiff argues that the ALJ mischaracterized and ignored evidence, in her motion, she neither identifies any specific evidence that the ALJ ignored nor explains what evidence the ALJ allegedly mischaracterized. *See* ECF No. 26-1 at 18–21. Therefore, the Court concludes that remand is not warranted on this basis.

**b. Non-Compliance Argument**

Second, Plaintiff argues that remand is warranted because the ALJ improperly faulted Plaintiff for non-compliance with treatment. *Id.* at 21. Specifically, Plaintiff argues that the ALJ (1) "improperly diminished the evidence due to non-compliance without considering the reasons for episodic non-compliance, such as Plaintiff's mental health disorders," *id.* at 22; (2) erred by saying "that Plaintiff's refusal to take a prescribed medication is evidence of her critical ability to think and manage herself," *id.* at 24; and (3) used internally inconsistent reasoning because he faulted Plaintiff for not being compliant with treatment but also found that Plaintiff's ability to go to the "emergency department and/or hospitals to obtain medication management of her mental problems" undermined her testimony that she was anxious when going to her primary care provider, *id.* at 25. As such, Plaintiff argues that the ALJ erred by relying on Plaintiff's non-compliance with treatment in crafting the RFC and in rejecting Plaintiff's subjective complaints about her anxiety related to seeking treatment. *See id.* at 21–25.

"Although an ALJ may properly consider a plaintiff's failure to follow treatment as prescribed, the law is clear, that an ALJ may not draw negative inferences from a claimant's lack of treatment without considering any explanations the claimant may provide." *Dukes v. Comm'r*

*of Soc. Sec.*, No. 19-CV-06025, 2020 WL 5651610, at *4 (W.D.N.Y. Sept. 23, 2020) (quotation omitted). However, an ALJ's failure to consider a plaintiff's explanation is harmless error where the plaintiff's non-compliance was but one of several factors the ALJ considered. *See Gonzalez v. Berryhill*, No. 17-CV-1385, 2018 WL 3956495, at *6 (D. Conn. Aug. 17, 2018). That is, where an ALJ fails to expressly consider the reasons why a plaintiff was non-compliant with treatment, any error is harmless if the non-compliance did not form the sole basis of the RFC determination and the decision is otherwise supported by substantial evidence. *Raymond Q. v. Saul*, No. 18-CV-544, 2019 WL 4758269, at *7 (N.D.N.Y. Aug. 7, 2019), *report and recommendation adopted sub nom. Raymond Q. v. Comm'r of Soc. Sec.*, No. 18-CV-544, 2019 WL 4757316 (N.D.N.Y. Sept. 30, 2019).

Here, to the extent that Plaintiff argues that the ALJ erred by relying on Plaintiff's non-compliance with treatment to reject her subjective complaints, as the Court explains in more detail above and below, remand is not warranted on this basis because the ALJ's findings as to the subjective complaints are reasonably supported by the record. To the extent that Plaintiff argues that the ALJ improperly relied on Plaintiff's non-compliance with treatment in crafting the RFC, Plaintiff fails to identify any specific part of the RFC that improperly relies on Plaintiff's non-compliance with treatment. *See* ECF No. 26-1 at 21–25. Nevertheless, any error is harmless because it was one of many factors that the ALJ considered, and the RFC is otherwise supported by substantial evidence. Specifically, in crafting the RFC, the ALJ relied on the opinion of consultative examiner Dr. Santarpia, the opinion of consultative examiner Dr. Ransom, the opinion of reviewing state agency mental health consultant J. Straussner, Ph.D., and Plaintiff's overall treatment records. Tr. 1016–24. In the decision, the ALJ explained to what extent he found the opinions persuasive and how he evaluated the treatment records, ultimately arriving at reasonable conclusions based on these opinions and records. *See id.* Consequently, his RFC determination

was supported by substantial evidence, and the Court concludes that remand is not warranted on this basis.

**c. Activities of Daily Living Argument**

Third, Plaintiff argues that the mental RFC is unsupported by substantial evidence because "the ALJ hyper-focused on Plaintiff's ability to engage in extremely limited activities and improperly relied on Plaintiff's status as a parent to inappropriately downplay her mental health impairments." ECF No. 26-1 at 26. Specifically, Plaintiff argues that the ALJ improperly relied on the fact that Plaintiff "obtained a ride to Aldi's to obtain snacks for her daughter" and "walk[ed] to Wal-Mart with her mother, which takes 10-15 minutes" to support his conclusion that Plaintiff demonstrated an "ability to interact in society without the degree of mental symptoms and/or panic attacks as professed." *Id.* (quoting Tr. 1018). Additionally, Plaintiff argues that the ALJ improperly relied on Plaintiff's ability to care for her daughter to support his rejection of Plaintiff's subjective complaints about her mental health impairments. *Id.*

This argument is very similar to Plaintiff's first argument, and therefore, the Court will only briefly address it. As the Court explained above, the mere fact that Plaintiff can identify other evidence to support a different conclusion does not entitle her to relief. *Emery S.*, 2021 WL 2592363, at *4. If an ALJ's findings are reasonably supported by the record, they "must be given conclusive effect" even if "the administrative record may also adequately support contrary findings on particular issues." *Genier,* 606 F.3d at 49. Here, Plaintiff appears to argue that the ALJ's rejection of Plaintiff's subjective complaints about the limiting effects of her mental impairments is based solely on her testimony related to her activities of daily living. *See* ECF No. 26-1 at 26. Notably, though, Plaintiff fails to identify any further limitations that she would need in her mental RFC to accommodate her mental impairments as described in her subjective complaints. *See id.* 26–30.

In any event, it is simply untrue that the ALJ's rejection of Plaintiff's subjective complaints about the limiting effects of her mental impairments is based solely on her testimony related to her activities of daily living. As discussed above, the ALJ also cites extensively to other parts of the record to support the mental RFC and his conclusion that Plaintiff's subjective complaints about her mental impairments are not wholly supported by the record. Again, the evidence the ALJ cites to beyond Plaintiff's testimony about her activities of daily living includes (1) consultative examiner Dr. Santarpia's opinion finding that Plaintiff had "coherent and goal directed thought processes, full orientation, clear sensorium, fluent speech, adequate expressive and receptive language skills, euthymic mood and full range of affect," Tr. 1019; (2) an Erie County Medical Center note disclosing that Plaintiff "underwent a detailed mental status examination" and showing that "she had a mental status examination essentially within normal limits," Tr. 1020; and (3) a Horizon Health mental status examination disclosing that "the claimant had an anxious mood and affect; however, all other findings were within normal limits such as having good eye contact, cooperative attitude, normal motor activity, normal speech, full orientation, appropriate thought content, logical thought processes, full orientation and no hallucinations," Tr. 1021.

As such, the Court concludes that there is no merit to Plaintiff's argument that the ALJ improperly relied on Plaintiff's activities of daily living. As explained in the evidence summarized above, the ALJ relied on medical and opinion evidence in the record to support his conclusion, and therefore, his findings are reasonably supported by the record. *See Emery S.*, 2021 WL 2592363, at *4. Thus, remand is not warranted on this basis.

**CONCLUSION**

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 26) is DENIED, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 28) is

GRANTED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 10, 2026
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York